GREEN *v.* DEPARTMENT OF CORRECTIONS

1. TORTS—PRISONS—DETROIT HOUSE OF CORRECTION—CONVICTS—DEPARTMENT OF CORRECTIONS—STATUTES.

The state, through the Department of Corrections, may be held to respond in damages for tortious injury sustained by a state-sentenced convict while he is incarcerated in the Detroit House of Correction as, by statute, the Department of Corrections has exclusive jurisdiction over penal institutions and it is required to inspect local jails and houses of correction and to promulgate rules and standards with relation thereto (MCLA §§ 791.204, 791.262).

2. TORTS—GOVERNMENTAL IMMUNITY—DEPARTMENT OF CORRECTIONS—PUBLIC BUILDINGS—CONVICTS—STATUTES.

The state, hence Corrections as a "department" or "commission" within a section of the Court of Claims Act, is not immune from liability for tortious personal injury sustained by plaintiff while he was incarcerated in the Detroit House of Correction where the complaint alleged negligence in failing to maintain safe working conditions as a defect in a public building is a statutory exception to the state's statutory immunity from negligence liability (MCLA §§ 600.6401 *et seq.*, 691.1406, 691.1407).

REFERENCES FOR POINTS IN HEADNOTES
[1–5] 41 Am Jur, Prisons and Prisoners § 12 *et seq.*
[6] 41 Am Jur, Prisons and Prisoners § 3 *et seq.*

3. STATES—PUBLIC BUILDINGS—DETROIT HOUSE OF CORRECTION.

A public building is one which exists as a benefit to the whole community and is operated and maintained by the governing body of that community and the Detroit House of Correction is such a building.

4. PRISONS—PRISONERS—STATUS—PUBLIC COMMUNITY.

A prisoner is a member of the public community whether in or out of jail; however, when incarcerated, he is prevented, by law, from exercising the rights and privileges he enjoys as a free member of society.

5. PRISONS—DEPARTMENT OF CORRECTIONS—PRISONERS.

The legislature created the Department of Corrections for the purpose of concentrating with that department the primary, but not exclusive, responsibility for the well-being as well as the disciplinary rehabilitation of state-sentenced prisoners, whenever such prisoners are held in any penal institution over which Corrections has jurisdiction and the power, whether exercised or not, to promulgate rules and standards relating thereto.

6. PRISONS—DEPARTMENT OF CORRECTIONS—PRISONERS—DELEGATION OF DUTY.

No matter where the Department of Corrections may choose lawfully or need lawfully to incarcerate or permit incarceration of any state-sentenced prisoner, its duty to him remains constant and may not be subjected to delegation; whether or not others are concurrently accountable for breach of the same or a corresponding legal duty.

Appeal from Court of Appeals, Division 2, Lesinski, C. J., and J. H. Gillis and Beasley, JJ., affirming Court of Claims, William John Beer, J. Submitted October 6, 1971. (No. 13 October Term 1971, Docket No. 53,294.) Decided December 21, 1971.

30 Mich App 648 affirmed.

Complaint by Amos Green against the State of Michigan, Department of Corrections for damages for injuries incurred in an accident at the Detroit

House of Correction.   Judgment for plaintiff.   Defendant appealed to the Court of Appeals.   Affirmed. Defendant appeals.   Affirmed.

*Lopatin, Miller, Bindes, Tanielian & Freedman* (*Michael H. Feiler,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Stewart H. Freeman,* Assistant Solicitor General, and *Charles D. Hackney* and *Douglas E. Salisbury,* Assistant Attorneys General, for defendant.

PER CURIAM.   Invoking the jurisdiction of the Court of Claims provided by chapter 64 of the Revised Judicature Act (MCLA § 600.6401 *et seq.*; Stat Ann 1962 Rev § 27A.6401 *et seq.*), plaintiff sued the State of Michigan, Department of Corrections, for tortious personal injury sustained while he was incarcerated in the Detroit House of Correction.   The circumstances of plaintiff's sentence and the legal responsibility of the Department of Corrections as claimed by him—and that of the state accordingly—are disclosed demonstratively by the official *mittimus.*   It reads:

"STATE OF MICHIGAN
County of Wayne                    ss
CITY OF DETROIT
THE RECORDER'S COURT OF THE CITY OF
    DETROIT

| "The People of the State of Michigan | File No. A–130408 |
|---|---|
| vs. | Information for Assault with Intent to Murder |
| AMOS GREEN | Before Judge Frank G. Schemanske |

"At a session of the Recorder's Court of said City, held in and for said City, at the Court of said Court [*sic*], on the 26th day of October, A. D. 1966, the

defendant, AMOS GREEN, in the above entitled cause, xxxxxxxxxxxxxx on his xxxxxx plea of XXX GUILTY, and after an investigation by the judge of said Court as to the circumstances, attending said plea of GUILTY, was convicted of having, (on the 28th day of May A. D. 1966), committed the crime of *Felonious Assault*
Statute Section: _____ at the City of Detroit, County of Wayne, Michigan.

"And upon the said conviction, the said Court, at a session thereof, held as aforesaid, and on the 29th day of November A. D. 1966, adjudge and determine that the said AMOS GREEN, who is now the age of 69 years should be committed to the Michigan Corrections Commission by delivery to the Detroit House of Correction, the place designated by the commission, and therein safely kept and employed according to the laws thereof, for the period of First Sixty Days from and including this date. As A Part of Two Years' Probation"

The facts and conditions under which plaintiff was causally injured are detailed comprehensively in the opinion of Division 2 (30 Mich App 648, 650, 651) and there is no occasion now for recount thereof. It is enough to say that, had the defendant at bar been a private citizen, agency, or entity made responsible by law or by any like undertaking to "safely" keep the plaintiff, there was sufficient evidence upon which a finding of actionable negligence on the part of such citizen, agency, or entity could be made and reported by a duly appointed fact finder or finders.

The controlling question is whether the state, through the Department of Corrections, may be held to respond in damages for tortious injury sustained by a state-sentenced convict while he is incarcerated in the Detroit House of Correction. It is answered

affirmatively by two conjoining sections of the Department of Corrections Act of 1953, No. 232 as amended:

The first is MCLA § 791.204 (Stat Ann 1971 Cum Supp § 28.2274):

"Sec. 4. Subject to constitutional powers vested in the executive and judicial departments of the state, the department [of corrections] shall have exclusive jurisdiction over the following: (a) Probation officers of this state, and the administration of all orders of probation, (b) pardons, reprieves, commutations and paroles, and (c) penal institutions, correctional farms, probation recovery camps, prison labor and industry, wayward minor programs and youthful trainee institutions and programs for the care and supervision of youthful trainees."

The other is the first sentence of the second paragraph of § 62 of the act of 1953, as amended by PA 1964, No. 111 (MCLA § 791.262; Stat Ann 1971 Cum Supp § 28.2322):

"The department [of corrections] shall supervise and inspect local jails and houses of correction for the purpose of obtaining facts in any manner pertaining to the usefulness and proper management of said penal institutions and of promoting proper, efficient and humane administration thereof, and shall promulgate rules and standards with relation thereto; and any reasonable order with respect to such penal institutions may be enforced through mandamus or injunction in the circuit court of the county where the penal institution is located, through proper proceedings instituted by the attorney general on behalf of the commission."

A second point made by the Attorney General is that the state, hence Corrections as a "department" or "commission" within § 6419 of the Court of Claims Act, is immune from the liability plaintiff asserts. In our view this contention was dealt with

correctly by Division 2 (30 Mich App at 653–655) as follows:

"Secondly, defendant urges that it was error for the trial court to deny its affirmative defense of sovereign immunity. We disagree. We recognize that the state is statutorily immune from negligence liability except as that act has been modified. This case, however, falls within one of those statutory exceptions, *i.e.*, a defect in a public building.

"Defendant argues that the Detroit House of Correction is not a public building in that it is not open to the public-at-large. This analysis begs the real issue.

"A 'public building' has been defined as:

" 'A building owned by a public body, particularly if it is used for public offices or for other public purposes.' *Ballentine's Law Dictionary*, 3d ed.

"Thus, a public building is one which exists as a benefit to the whole community and is operated and maintained by the governing body of that same community. *Cf. Cleveland* v. *City of Detroit* (1948), 322 Mich 172; Anno: What is 'public buildings.' 19 ALR 543. The Detroit House of Correction is such a building.

"Similarly, plaintiff is a member of the public community whether in or out of jail. The difference being that when incarcerated, he is prevented, by law, from exercising the rights and privileges he enjoyed as a free member of society.

"Consequently, the state's liability in this cause of action accrued under its obligation to maintain and repair public buildings:

" 'Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building.' MCLA § 691.1406 (Stat Ann 1969 Rev § 3.996[106])."

It is said finally that upheld liability of the state to plaintiff will "lead to chaos insofar as fixing responsibility for management of Detroit House of Correction." Our response is that the legislature has created the Department of Corrections for the purpose of concentrating with that department the primary (but not exclusive of course) responsibility for the well-being as well as the disciplinary rehabilitation of state-sentenced prisoners, whenever such prisoners are held in any penal institution over which Corrections has jurisdiction and the power—whether exercised or not—to promulgate rules and standards relating thereto. No matter where Corrections may choose lawfully or need lawfully to incarcerate or permit incarceration of any such prisoner, its duty to him remains constant and may not be subjected to delegation; whether or not others are concurrently accountable for breach of the same or a corresponding legal duty.

All this considered, the predicted chaos—should it develop—can be dealt with or assuaged at any time by legislative amendment of The Court of Claims Act or, if desired, by legislative amendment of the first or sixth sections of the act of 1964 (No 170); MCLA § 691.1401 or § 691.1406 (Stat Ann 1969 Rev § 3.996[101] or § 3.996[106]).

Affirmed, with an award to plaintiff of costs of all courts.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred.