**Henry HARPER, Plaintiff,**

v.

**Elton SCOTT, Hardy Widmark, and Kulas Wiggand, Defendants.**

**Civ. No. 83–CV–2605–DT.**

United States District Court,
E.D. Michigan, S.D.

Jan. 6, 1984.

Henry A. Harper in pro. per.

Edgar Church, Asst. Atty. Gen., State of Mich., Lansing, Mich., for defendants.

## MEMORANDUM AND ORDER

COHN, District Judge.

### I.

This is a *pro se* prisoner civil rights action brought under 42 U.S.C. § 1983. Defendants are a deputy warden and two corrections officers of the Michigan Department of Corrections at the State Prison of Southern Michigan (SPSM). Plaintiff alleges that on August 8, 1982, after being attacked by a fellow prisoner, he was placed into the segregation cell-block at SPSM. Plaintiff's cell was top locked [1] and his property was placed in the prison property room. Upon return of the property, plaintiff discovered certain items of personal property missing. Plaintiff claims that his Fourteenth Amendment due process rights have been violated because of defendants' intentional or negligent loss of his personal property and that he does not have an adequate remedy under state law.

Defendants have filed a motion to dismiss on the grounds:

1. The Eleventh Amendment to the United States Constitution bars any recovery;

2. They are entitled to qualified good faith immunity;

3. Plaintiff has an adequate state law remedy and therefore no due process rights were violated, *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); and,

4. Plaintiff has not properly alleged defendants' personal involvement in the deprivation of his property.

The matter was referred to Magistrate Steven Rhodes for a report and recommendation. In his report of September 29, 1983 he recommends defendant's motion be denied. Addressing the Eleventh Amendment immunity argument, the magistrate finds that plaintiff seeks damages against the individually named defendants, not against the state, and, accordingly, they are not entitled to immunity. Addressing the qualified immunity argument, the magistrate finds that defendants have failed to allege that they acted in good faith and, absent more specific allegations that they followed the law as it was settled when the complaint was filed, the defense is not available. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Addressing the personal involvement argument, the magistrate rejects the contention that plaintiff has failed to allege defendants were involved in the deprivation of his

---

**1.** When a prisoner's cell is top locked he is confined to the cell around the clock.

property since his specific claims that the deputy warden received grievances regarding the loss and the two officers packed the property and were responsible for its contents are adequate. *Coffy v. Multi-County Narcotics Bureau*, 600 F.2d 570, 580 (6th Cir.1979). Finally, addressing the issue raised under *Parratt*, the magistrate finds that defendants' argument ignores controlling Michigan law which has consistently held the Department of Corrections and its employees immune from liability under circumstances such as these. *See Green v. Department of Corrections*, 30 Mich.App. 648, 186 N.W.2d 792 (1971), *aff'd*, 386 Mich. 459, 192 N.W.2d 491 (1971); *Spruytte v. Department of Corrections*, 82 Mich.App. 145, 266 N.W.2d 482 (1978); *Carr v. Department of Corrections*, Mich.Ct. Claims # 82–8339 (unpub. op., filed October 27, 1982). Magistrate Rhodes concludes that the procedures in Michigan under which plaintiff could seek compensation for the alleged deprivation of his property are not adequate under the *Parratt* standard.

Defendants take exception to Magistrate Rhodes' report on two grounds. First, defendants claim that plaintiff has an adequate state remedy available in that he can file a tort claim in the Michigan Court of Claims, see M.S.A. § 27A.6419 [M.C.L.A. § 600.6419], and, second, that the state tort claim procedure does not violate plaintiff's due process rights enunciated in *Parratt*. For the reasons that follow, defendants' motion will be denied.

## II.

### A.

■ Plaintiff alleges in his complaint that defendants intentionally or negligently lost certain items of his personal property and that he has no adequate or complete remedy under state law. Allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir.1983). *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*,

404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).

### B.

■ Controlling Michigan law has afforded defendants governmental immunity where they are engaged in the exercise or discharge of a governmental function. *Spruytte, supra; Carr, supra.* Here, defendants' actions in top locking plaintiff's cell and taking his property are incident to the operation and maintenance of a prison and fall within the scope of the performance of a uniquely governmental function. Although plaintiff technically can file a complaint in the Michigan Court of Claims, governmental immunity would bar recovery. "In order to invoke *Parratt*, a federal judge must make certain that the state indeed affords a Section 1983 plaintiff an adequate state tort remedy. There is no presumption that Section 1983 plaintiffs should be shepherded to state court." *Clark v. Michigan Department of Corrections*, 555 F.Supp. 512, 515–516 (E.D.Mich. 1982). The recent Sixth Circuit case of *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), is not to the contrary. In *Vicory*, the court held that the plaintiff in a Section 1983 damage suit must plead and prove the absence of adequate state damage remedies as an element of the constitutional tort. The court found that the Ohio plaintiff in *Vicory* had failed to allege and could not prove an inadequacy of remedies under Ohio law.

### C.

■ Defendants cite a Fourth Circuit case, *Daniels v. Williams*, 33 C.L.R. 2489 (August 24, 1983), for the proposition that due process is not denied even though sovereign immunity might defeat an inmate's state court action. The opinion in *Daniels* was withdrawn by the Court of Appeals for the Fourth Circuit on August 29, 1983, and consolidated with two other cases for rehearing *en banc;* it has no precedential value.

18

Attached to defendants' objections is a copy of an unpublished order of the Court of Appeals for the Sixth Circuit, *Powell v. Johnson,* 718 F.2d 1100 (1983), in which the court said that negligent destruction of property by state officials does not violate due process if the state provides a tort claim procedure which permits the victim to recover damages in a post-deprivation hearing. The order in *Powell* does not address the question of the adequacy of the available state court remedy in Michigan. A remedy which affords plaintiff no possibility of relief is no remedy at all.

### D.

The court accepts the magistrate's recommendation and, accordingly, defendants' motion to dismiss is DENIED.

SO ORDERED.