GRIFFIN v CITY OF DETROIT

Docket No. 105331. Submitted December 20, 1988, at Detroit. Decided
    March 27, 1989.

Dellia Myles drowned in the bathtub of her apartment in the
    Jeffries Projects, a low-income housing facility owned and
    operated by the City of Detroit. Minnie Lee Griffin, as personal
    representative of the decedent's estate, brought an action in
    Wayne Circuit Court against the City of Detroit. Plaintiff
    alleged in part that defendant was negligent in failing to install
    and maintain protective railings for the bathtub for safe entry
    and exit. The trial court, Thomas J. Foley, J., granted summary
    disposition in favor of defendant, ruling in part that there was
    no genuine issue of material fact and defendant was en-
    titled to judgment as a matter of law since the decedent's
    apartment building was not a public building within the mean-
    ing of the "public buildings" exception to governmental immu-
    nity. Plaintiff appealed.

    The Court of Appeals *held*:

    1. In determining whether the public buildings exception
    applies in a given case, the focus is on the building's accessibil-
    ity to members of the public rather than on the extent to which
    the building may benefit the community. Here, the decedent's
    apartment unit was available for her sole use and thus was not
    a public building within the meaning of the exception.

    2. In opposing defendant's motion for summary disposition
    brought on the basis that there was no genuine issue of
    material fact, plaintiff failed in her burden of setting forth
    specific facts showing that there is a genuine factual issue with
    regard to the protective railings in question.

    3. Plaintiff failed to establish that the alleged defect was the
    proximate cause of the decedent's death.

    Affirmed.

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability
    §§ 274 *et seq.*
See the Index to Annotations under Apartments and Apartment
    Houses; Buildings; Governmental Immunities and Privileges.

1. GOVERNMENTAL IMMUNITY — NEGLIGENCE — PUBLIC BUILDINGS.

A governmental agency is liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition (MCL 691.1406; MSA 3.996[106]).

2. GOVERNMENTAL IMMUNITY — NEGLIGENCE — PUBLIC BUILDINGS.

In determining whether the "public buildings" exception to governmental immunity applies in a given case, the focus is on the building's accessibility to members of the public rather than on the extent to which the building may benefit the community; an apartment in a low-income housing facility owned and operated by a municipality which is the subject of a negligence action against the municipality brought on behalf of a tenant who allegedly drowned in her bathtub as a result of the improper maintenance of safety railings affixed to the bathtub is not a public building for purposes of the public buildings exception to governmental immunity (MCL 691.1406; MSA 3.996[106]).

3. MOTIONS AND ORDERS — SUMMARY DISPOSITION — ISSUES OF MATERIAL FACT.

A party opposing a motion for summary disposition made on the basis that there is no genuine issue of material fact cannot rest upon the mere allegations or denials of his pleading but must, by affidavits or as otherwise provided in the court rules, set forth specific facts showing that there is a genuine issue for trial; if the opposing party does not so respond, then summary disposition, if appropriate, shall be entered against him (MCR 2.116[C][10] and [G][4]).

*Rader & Eisenberg, P.C.* (by *Stuart Eisenberg*), for plaintiff.

*Sullivan, Ward, Bone, Tyler, Fiott & Asher, P.C.* (by *Michelle A. Thomas* and *Ronald S. Lederman*), for defendant.

Before: MacKenzie, P.J., and Cynar and M. E. Kobza,* JJ.

Per Curiam. Plaintiff appeals as of right from the trial court's order granting defendant's motion for summary disposition. The motion was brought under MCR 2.116(C)(8) and (10). We affirm.

Plaintiff's decedent, Dellia Myles, drowned in her bathtub. Plaintiff alleges that the decedent was a resident of the Jeffries Projects, a low-income housing facility owned and operated by the defendant city. Further, plaintiff alleges that the decedent "slipped and fell in the bathtub and/or bathroom, when the supporting railing affixed near said bathtub broke and/or disconnected," causing wrongful death. Plaintiff alleges that defendant was negligent in failing to install and maintain protective railings in the bathtub area to enable "residents to enter and exit the bathtub with support and stability."

Defendant filed a motion for summary disposition on the basis of the doctrine of governmental immunity. Defendant maintained that, as a matter of law, the ownership and operation of the Jeffries Projects was a governmental function, and the building did not come within the "public buildings" exception to immunity, MCL 691.1406; MSA 3.996(106). Defendant also argued that there was no genuine issue of material fact concerning the existence of a defect or of a causal relationship between the alleged defect and the decedent's death, and that the housing project was not operated for profit so as to involve the proprietary function exception to immunity, MCL 691.1413; MSA 3.996(113).

At the hearing on the defendant's motion for

* Circuit judge, sitting on the Court of Appeals by assignment.

summary disposition, the trial court granted the motion, holding that the housing project was not a public building within the meaning of MCL 691.1406; MSA 3.996(106).

Plaintiff contends that the trial court erred in deciding that the dwelling in the Jeffries Projects, in which decedent resided, was not a public building within the meaning of MCL 691.1406; MSA 3.996(106).

A governmental agency is statutorily immune from liability arising out of the exercise or discharge of a governmental function. MCL 691.1407; MSA 3.996(107).

Plaintiff does not dispute that the ownership and operation of the Jeffries Projects was a governmental function. The operation is expressly authorized by MCL 125.651 *et seq.;* MSA 5.3011 *et seq.,* as well as by the city charter. Plaintiff contends that the public building exception to immunity applies.

MCL 691.1406; MSA 3.996(106) states in pertinent part:

> Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition. Knowledge of the dangerous and defective condition of the public building and time to repair the same shall be conclusively presumed when such defect existed so as to be readily apparent to an ordinary observant person for a period of 90 days or longer before the injury took place.

Plaintiff, in contending that the decedent's dwelling was a public building, relies on *Green v Dep't of Corrections,* 386 Mich 459, 464; 192 NW2d 491 (1971), in which the term "public building" was defined as "[a] building owned by a public body, particularly if it is used for public offices or for other public purposes."

Plaintiff maintains that the dwelling in which decedent resided is a public building because it is owned and operated by the defendant as low-income housing, and it benefits the community as a whole. However, the scope of the *Green* decision should be limited to the specific facts upon which it was based. Under the definition in *Green,* the dwelling unit in this case was not used for public offices or for a public purpose.

In applying the public buildings exception, the focus is on the accessibility of members of the general public to the situs of the accident rather than on the extent to which the building may benefit the community. *Dudek v Michigan,* 152 Mich App 81, 85; 393 NW2d 572 (1986). Under the statutory exception, even if the dwelling unit in this case was a part of a public building, it was not open for use by members of the public. It was open for use by the decedent as her private residence under the lease agreement.

Additionally, plaintiff contends that a genuine issue of material fact concerning the existence of a defect in the bathroom was established.

Generally, the question of whether a part of a building is dangerous or defective must be determined in light of the use or purpose that part is intended to serve. *Young v Ann Arbor,* 119 Mich App 512, 520-521; 326 NW2d 547 (1982), *(On Rehearing),* 125 Mich App 459; 336 NW2d 24 (1983), remanded on other grounds, 422 Mich 901 (1985). A building may be dangerous or defective because

of improper design, faulty construction or absence of safety devices. *Bush v Oscoda Area Schools,* 405 Mich 716, 730; 275 NW2d 268 (1979).

In opposing a motion for summary disposition made on the basis that there is no genuine issue of material fact, a party may not rest upon mere allegations or denials in the pleadings. Rather, one must, by affidavits, deposition testimony or other documentary evidence, set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, then summary disposition, if appropriate, shall be entered against him. MCL 2.116(G)(4); *Jubenville v West End Cartage, Inc,* 163 Mich App 199, 203; 413 NW2d 705 (1987), lv den 429 Mich 881 (1987).

In the instant complaint, it is alleged that decedent slipped and fell in the bathtub or bathroom, when the supporting railing affixed near the bathtub broke or disconnected, causing decedent's wrongful death. Defendant allegedly breached its duty by failing to properly install and maintain and have present protective railings in the bathroom or bathtub thereby enabling residents to enter and exit the bathtub with support and stability.

At the hearing on the motion for summary disposition, although plaintiff indicated that there were photographs to substantiate her position, such photographs were not offered to the court or made a part of the record.

According to the defendant, there was no evidence that the towel rack failed. Further, according to the Wayne County Medical Examiner's report, although the decedent died of drowning, there was evidence of a history of a brain tumor and seizure disorders, and no trauma was noted on the body.

Summary disposition would have also been prop-

erly granted due to plaintiff's failure to establish the existence of proximate cause between the alleged defect and the death.

Accordingly, we find that summary disposition was properly granted to defendant in this case.

Affirmed.