WHITE v CITY OF DETROIT

Docket No. 124863. Submitted March 12, 1991, at Detroit. Decided
    May 21, 1991, at 9:50 A.M.

    L. B. White brought an action in the Wayne Circuit Court against
    the City of Detroit, seeking damages for injuries sustained
    when he stepped into a hole in a brick patio of the city-owned
    low-income housing facility where he resided. The court, Ro-
    land L. Olzark, J., granted summary disposition for the defen-
    dant, ruling that the housing facility did not fall within the
    public building exception to governmental immunity. The
    plaintiff appealed.

    The Court of Appeals *held:*

    A residential housing facility that is owned by a governmen-
    tal agency contains private housing units not accessible to the
    general public and is not used for public offices or for a public
    purpose. Thus, it is not a public building for purposes of the
    exception to governmental immunity provided by MCL
    691.1406; MSA 3.996(106) for injury or damage resulting from a
    dangerous or defective condition of a public building.

    Affirmed.

*Bernstein & Bernstein, P.C.* (by *Michael J. But-
ler*), for the plaintiff.

*Sullivan, Ward, Bone, Tyler, Fiott & Asher, P.C.*
(by *Ronald S. Lederman* and *Michelle A. Thomas*),
for the defendant.

Before: BRENNAN, P.J., and MICHAEL J. KELLY
and D. F. WALSH\*, JJ.

PER CURIAM. Plaintiff appeals as of right from a
lower court order granting defendant's motion for
summary disposition on the basis of governmental
immunity. We affirm.

_____

   \* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

Plaintiff was a tenant at the Parkside Projects, which is a low-income public housing facility owned and operated by defendant City of Detroit. On July 18, 1988, plaintiff injured his hip when he stepped into a hole in a brick patio located within the projects. The trial court granted summary disposition to defendant after finding that the patio did not fall within the public building exception to governmental immunity, MCL 691.1406; MSA 3.996(106). We agree with the trial court that the public building exception does not apply here.

The public building exception to governmental immunity states in relevant part:

> Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition.

In *Griffin v Detroit*, 178 Mich App 302; 443 NW2d 406 (1989), the plaintiff's decedent was a resident of a low-income housing facility also owned by the City of Detroit. The decedent died when she slipped and fell in her bathtub. The plaintiff claimed that the city was negligent in failing to install and maintain protective railings in the bathtub area. The trial court granted the defendant's motion for summary disposition on the basis of governmental immunity. The *Griffin* Court affirmed, holding that the public building exception did not apply:

> Plaintiff, in contending that the decedent's

dwelling was a public building, relies on *Green v Dep't of Corrections*, 386 Mich 459, 464; 192 NW2d 491 (1971), in which the term "public building" was defined as "[a] building owned by a public body, particularly if it is used for public offices or for other public purposes."

Plaintiff maintains that the dwelling in which decedent resided is a public building because it is owned and operated by the defendant as low-income housing, and it benefits the community as a whole. However, the scope of the *Green* decision should be limited to the specific facts upon which it was based. Under the definition in *Green,* the dwelling unit in this case was not used for public offices or for a public purpose. [*Id.,* p 306.]

Like *Griffin,* the instant case involves a city-owned residential housing facility. We believe that, as a matter of law, such a facility is not a "public building" within the meaning of MCL 691.1406; MSA 3.996(106). Because the building itself was not a public building, the patio could not fall within the exception.

We acknowledge that this case is somewhat distinguishable from *Griffin* in that the instant plaintiff's injuries occurred outside the building, in a situs which arguably could have been accessible by the public, whereas the decedent's injuries in *Griffin* occurred in the portion of the housing facility which clearly was not accessible by the public. Plaintiff argues strenuously that the public building exception applies because the patio is accessible to the public, and is actually used quite often by persons who are not residents of Parkside.

Some of the *Griffin* Court's statements lend support for this argument. Specifically, the Court stated: "In applying the public buildings exception, the focus is on the accessibility of members of the general public to the situs of the accident . . . ." *Id.* The Court also said that even if the dwelling

unit in which the decedent died was part of a public building, the unit itself was a private residence which was not open for use by the general public; therefore, the exception did not apply. *Id.* However, the *Griffin* Court was not addressing a situation where the accident occurred outside the building at issue. Further, neither the *Griffin* Court nor plaintiff provides any authority for the principle that part of a building can be considered public, and part considered nonpublic, for purposes of the statutory exception.

Because the building in the instant case was a residential housing facility containing private housing units, and was not a building used for public offices or for a public purpose, the public building exception does not apply. And the area at issue, being adjacent[1] to a nonpublic building, does not fall within the exception merely because the area may be accessible by the public. Therefore, the trial court properly granted summary disposition to defendant.

Affirmed.

---

[1] There was, and apparently still is, a factual dispute regarding whether the patio was directly adjacent to the residential building, or whether it was separated from the building somewhat. However, because we have determined that the building at issue was not a public building within the meaning of the statutory exception, this dispute has no effect on our decision, and we need not take a position with respect to whether areas adjacent to a public building fall within the statute. See *Henkey v Grand Rapids,* 185 Mich App 56; 460 NW2d 271 (1990) (holding that the public building exception applies to areas immediately adjacent to the building), and *Yarrick v Village of Kent City,* 180 Mich App 410; 447 NW2d 803 (1989) (holding that the exception applies only to the building itself, and not to adjacent areas).