Cavanagh, J.
(dissenting). I believe that leave was improvidently granted in this case. Further, I believe that the lead opinion unwisely departs from precedent and reaches out to discuss issues that have already been adequately addressed by the courts of this state. I agree with the lead opinion to the extent that it recognizes that jails are public buildings “open for use by members of the public” for the purposes of the public building exception to governmental immunity, MCL 691.1406. However, I dissent from the plurality’s decision to examine the question whether inmates are members of the public, and its decision to overrule a prior decision of this Court in favor of its own interpretation.
The issue argued by the parties in this case was whether the Genesee County jail is a public building open for use by members of the public within the *453 meaning of MCL 691.1406. The lead opinion correctly concludes that it is. Ante at 432. However, rather than resolving the case solely on the merits of the question before it, the plurality chooses to address the question whether an inmate is a member of the public.
Moreover, the plurality dedicates a solitary sentence in a footnote to the fact that the question it deems of utmost importance in this case has already been addressed by this Court, Green v Dep’t of Corrections, 386 Mich 459; 192 NW2d 491 (1971).
I cannot join the plurality’s unsupportable decision to “overrule Green to the extent that it treats inmates as members of the public for purposes of the statutory exception.” Corrigan, C.J., ante at 436, n 4. Rather, assuming that the question should even be addressed in the context of this case, I would apply Green. In Green, the plaintiff was an inmate in the Detroit House of Corrections, a municipal facility operated by the Department of Corrections. He injured himself while operating machinery in a prison shop area. This Court explicitly rejected the argument that the Detroit House of Corrections was nonpublic simply because it was not open to the public at large. The Court held that the facility was a “public building” for immunity purposes. The Court also stated that, “plaintiff is a member of the community whether in or out of jail.” Id. at 464.
The basis for the present suit is the same as it was in Green. Both cases were granted to examine the same statutory language, “ [governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public.” MCL 691.1406; see also Green at 464. Other than to effectuate a policy *454 change, I see no reason for this Court to depart from the logic Green used thirty years ago and that this Court has implicitly followed since. The plurality offers nothing substantial in support of its observation that “[j]ail inmates are not members of the public for purposes of the public building exception.” Ante at 439. Given Green’s finding to the contrary, I believe that the conclusion is erroneous.
Further, despite the plurality’s misguided belief that we can ignore precedent whenever this Court’s reading of a statute would lead to a different result than that of a prior Court, I continue to find value in respecting precedent. The plurality proclaims that Green is contrary to legislative intent, and believes that Green made an isolated observation about whether prisoners are members of the public. Given the plurality’s distaste for precedent that would support a different view than its own, I question whether it gives any credence to the fact that the Green Court defined the “controlling” issue in that case as “whether the state, through the Department of Corrections, may be held to respond in damages for tor-tious injury sustained by a state-sentenced convict while he is incarcerated in the Detroit House of Correction.” Green at 462.
I would also note that the plurality completely ignores the fact that this Court has historically permitted suits arising out of prisoner injuries to be brought under the public building exception. See Johnson v Detroit, 457 Mich 695; 579 NW2d 895 (1998) (a prisoner hanged himself in a jail cell); Hickey v Zezulka, 439 Mich 408; 487 NW2d 106 (1992) (a prisoner committed suicide in a jail cell); Wade v Dep’t of Corrections, 439 Mich 158; 483 NW2d 26 *455 (1992) (an inmate brought slip and fall action). Thus, the plurality’s plain observation not only contravenes Green, but would eliminate causes of actions that have been repeatedly recognized by this Court as being available.[1]
For these reasons, I believe not only that leave was improvidently granted, but that the plurality improvidently uses this case as a vehicle for restricting the public building exception to governmental immunity. Therefore, I dissent.
Kelly, J., concurred with Cavanagh, J.
Taylor, J., took no part in the decision of this case.

 The plurality finds these decisions to be of no import since they did not squarely address whether prisoners are members of the public. However, they did not need to address the issue since it had already been decided in Green. Quite simply, the plurality today would change an established principle of Michigan law.