# STATE OF MICHIGAN

# COURT OF APPEALS

SENETTA ELAINE WALTHALL,

        Plaintiff-Appellee,

v

FLINT HOUSING COMMISSION,

        Defendant-Appellant.

UNPUBLISHED
December 3, 2015

No. 322896
Genesee Circuit Court
LC No. 13-100496-NO

Before: SHAPIRO, P.J., and O'CONNELL and GLEICHER, JJ.

PER CURIAM.

The circuit court denied the Flint Housing Commission's motion to dismiss Senetta Walthall's claims arising from her injury in a city-operated housing facility. Contrary to the circuit court's ruling, the housing facility was not a public building and Walthall's back steps were not accessible to the public. Accordingly, the public building exception to governmental immunity does not apply. We reverse the circuit court's ruling to the contrary and remand for entry of an order of dismissal.

## I. BACKGROUND

Senetta Walthall lives in the Aldridge Place Townhouses in Flint. The facility is operated by the Flint Housing Authority (FHA) and the residents' rent obligations are federally subsidized. Photographs presented to the circuit court depict that each two-story townhouse unit stands connected to its neighbors in a block of homes. Each unit has a front door, easily accessible from the parking area. Each unit also has a back door from which a resident descends two cement steps to the ground. This door exits onto a small patio connected to the particular unit and a backyard area, blocked from easy access to the front parking area by the row of connected homes. Walthall described this area as "[w]here we barbeque, have the grills . . . ."

On Walthall's unit, a small metal handrail jutted in an arc from the brick exterior wall next to the back door. Walthall noticed that the railing was loose and advised the FHA, who purportedly arranged for its repair. However, on March 5, 2012, when Walthall grabbed the handrail to navigate her back stairs, the rail pulled free and she fell. As a result of her fall, Walthall fractured her tailbone, lumbar spine, and left hand.

On March 28, Walthall notified the FHA of her injury and intent to file suit, citing MCL 691.1404 *et seq*. She then brought a negligence and premises liability action against the FHA.

-1-

Following discovery, the FHA sought dismissal on governmental immunity grounds. Walthall retorted that the housing facility had limited public access and that the stairs were available for use by members of the public. Accordingly, she insisted, her claims fell within the public building exception to governmental immunity, MCL 691.1406.

The circuit court agreed with Walthall's position, holding:

> [E]ven though . . . she lived in a private building, this happened outside the building in a public area where there could be passage by visitors, guests, children, members of the public. The condition was outside the residence. It was accessible to any public member, so it could fit the public building exception.

Accordingly, the court denied the FHA's motion for summary disposition based on governmental immunity. This appeal followed.

## II. ANALYSIS

We review de novo decisions on summary disposition motions. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). We also review de novo the applicability of governmental immunity. *Seldon v Suburban Mobility Auth for Regional Transp*, 297 Mich App 427, 433; 824 NW2d 318 (2012). "When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). Further, we must consider "any affidavits, depositions, admissions, or other documentary evidence" submitted. *Id*. at 429. A court may grant summary disposition under (C)(7) if the moving party is entitled to "immunity granted by law." *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008).

The Governmental Tort Liability Act, MCL 691.1407, grants immunity from tort liability to governmental agencies "engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). No one disputes that the FHA is a governmental agency, and that its operation of Aldridge Place is a governmental function.

The immunity granted to governmental agencies is broad, but its exceptions must be narrowly construed. *Thurman v City of Pontiac*, 295 Mich App 381, 384; 819 NW2d 90 (2012). The public building exception, MCL 691.1406, states, in relevant part:

> Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition. Knowledge of the dangerous and defective condition of the public building and time to repair the same shall be conclusively presumed when such defect existed so as to be readily apparent to an ordinary observant person for a period of 90 days or longer before the injury took place. As a condition to any recovery for injuries sustained by

reason of any dangerous or defective public building, the injured person, within 120 days from the time the injury occurred, shall serve a notice on the responsible governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

For the public building exception to apply, a plaintiff must prove that:

(1) a governmental agency is involved, (2) the public building in question is open for use by members of the public, (3) a dangerous or defective condition of the public building itself exists, (4) the governmental agency had actual or constructive knowledge of the alleged defect, and (5) the governmental agency failed to remedy the alleged defective condition after a reasonable amount of time. [*Renny v Dep't of Transp*, 478 Mich 490, 495-496; 734 NW2d 518 (2007).]

Here, the evidence does not support that the stairs leading from Walthall's private townhouse into the backyard, far removed from the public parking and entryway, were "open for use by members of the public."

In *Griffin v Detroit*, 178 Mich App 302, 306; 443 NW2d 406 (1989), this Court held that the public building exception to governmental immunity did not apply where the plaintiff fell in an apartment bathtub located inside a city-owned housing facility, because the plaintiff's private dwelling unit was not open for use by members of the public. The Court reasoned that "[i]n applying the public buildings exception, the focus is on the accessibility of members of the general public to the situs of the accident rather than on the extent to which the building may benefit the community." *Id*.

In *White v Detroit*, 189 Mich App 526; 473 NW2d 702 (1991), this Court again considered the applicability of the public building exception to a city-owned residential housing facility. There, the plaintiff fell on a patio adjacent to the facility and argued that the exception applied because, unlike the bathroom in *Griffin*, the patio was accessible to the public. *Id*. at 528. While acknowledging that some of the statements made in *Griffin* lent support to the plaintiff's argument, the *White* Court noted that "neither the *Griffin* Court nor plaintiff provides any authority for the principle that part of a building can be considered public, and part considered nonpublic, for purposes of the statutory exception." *Id*. at 528-529. Instead, the Court held that "as a matter of law," a city-owned residential housing facility is not a "public building" for purposes of the exception, and "[b]ecause the building itself was not a public building, the patio could not fall within the exception." *Id*. at 528. Further, "the area at issue, being adjacent to a nonpublic building, does not fall within the exception merely because the area may be accessible by the public." *Id*. at 529.

The Court subsequently reached a similar result in *Maskery v Bd of Regents of Univ of Mich*, 468 Mich 609; 664 NW2d 165 (2003). *Maskery* involved a courtesy phone located outside the entrance to a university residence hall. "The residence hall was locked [24] hours a day." The courtesy phone was available for visitors to call residents and request admittance to the hall. *Id*. at 611. "To determine whether a building is open for use by members of the public," the Court held, "the nature of the building and its use must be evaluated." *Id*. at 618.

-3-

"If the government has restricted entry to the building to those persons who are qualified on the basis of some individualized, limiting criteria of the government's creation, the building is not open to the public." *Id.* "The residence hall [in *Maskery*] was not open for use by members of the public," because members of the public could only gain access if a resident unlocked the door and permitted entry. In this way, the *Maskery* Court held, the government restricted entry "to those persons who were qualified on the basis of individualized, limiting criteria." *Id*. at 620.

Walthall's townhouse is akin to the residence hall in *Maskery* and the apartment in *Griffin*. When Walthall signed her lease, the FHA gave her the key to the door. With that key, Walthall gained the power to permit or refuse entry to any member of the public. No member of the public had the right to breach her stronghold.

Walthall's back stairs are part of her private domain. Members of the public do not have access to the townhouse's backyard area. The area is not adjacent to a parking lot; it is only accessible from the residents' back doors or by circumnavigating the block of homes. Walthall's back steps are even more private than the patio in *White*, as that patio was accessible to all residents of the low-income housing project. Accordingly, the only people able to use Walthall's back steps are her invited guests, not members of the public at large.

Moreover, as broadly asserted in *White*, a government-owned housing facility is not a public building. As such, the handrail attached to the outside of one unit within that facility cannot be deemed part of a public building, not even part of a public building closed to the general public. We therefore reject Walthall's attempt to invoke the governmental immunity exception described in *Kerbersky*, *Bush v Oscoda Area Sch*, 405 Mich 716; 275 NW2d 268 (1979), and *Green v Dep't of Corrections*, 386 Mich 459, 464; 192 NW2d 491 (1971), where the plaintiff were injured in limited access areas of public buildings.

We reverse and remand for entry of summary disposition in the FHA's favor. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Peter D. O'Connell
/s/ Elizabeth L. Gleicher

-4-