DUDEK v STATE OF MICHIGAN

Docket No. 83940. Submitted March 12, 1986, at Lansing. Decided
    May 21, 1986.
    Donald R. Dudek was employed by Miller-Davis Construction
        Company, the general contractor for a renovation project in the
        Coldwater State Home & Training School, a state mental
        health facility. Dudek, along with his wife, Elnora Dudek, filed
        a complaint in the Court of Claims against defendants, the
        State of Michigan and the Coldwater State Home & Training
        School, alleging that he was injured in the course of his
        employment on the grounds of the state home when a cement
        block fell from a building and struck him. Plaintiffs further
        alleged that the injuries were a proximate result of defendants'
        negligence in failing to warn Donald Dudek of the defective
        condition of the building and in failing to inspect and repair
        the defective condition of the building contrary to the public
        buildings exception to governmental immunity contained in
        MCL 691.1406; MSA 3996(106). Defendants moved for summary
        judgment on the ground that plaintiffs had failed to state a claim
        upon which relief can be granted. The Court of Claims, James
        R. Giddings, J., denied their motion, after ruling that defendants
        were not immune from plaintiffs' tort claim since the building
        where plaintiff was injured was open for use by the public
        because it was designed, maintained, or operated for use by the
        public. Defendants appealed. *Held:*
            The dangerous or defective condition in this case occurred as
        a result of the renovation activities in the state home. The
        Legislature did not intend to abrogate sovereign immunity
        where a governmental building was closed to the general public

REFERENCES

Am Jur 2d, States, Territories, and Dependencies §§ 99 *et seq.*

Modern status of rule excusing governmental unit from tort liabil-
    ity on theory that only general, not particular, duty was owed
    under circumstances. 38 ALR4th 1194.

Liability of urban redevelopment authority or other state or munic-
    ipal agency or entity for injuries occurring in vacant or aban-
    doned property owned by governmental entity. 7 ALR4th 1129.

for complete renovation and a worker of the general contractor was injured as a result of renovation activity.

Reversed and remanded for entry of summary judgment in favor of defendants.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM.

A motion for summary judgment on the ground that no material factual issue exists and the moving party is entitled to judgment as a matter of law tests the factual support for a plaintiff's claim; a trial court, when deciding a motion for summary judgment based on this ground, must consider the affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, a trial court must be satisfied that it is impossible for the claim to be supported at trial because of some deficiency which cannot be overcome, before granting summary judgment (GCR 1963, 117.2[3], now MCR 2.116[C][10]).

2. GOVERNMENTAL IMMUNITY — NEGLIGENCE — PUBLIC BUILDINGS.

The Legislature, in providing the public buildings exception to governmental immunity from tort liability, intended to protect the general public from injury by imposing upon governmental agencies the duty to maintain safe public places (MCL 691.1406; MSA 3.996[106]).

3. GOVERNMENTAL IMMUNITY — NEGLIGENCE — PUBLIC BUILDINGS.

A governmental agency may be statutorily liable for personal injuries arising out of dangerous or defective conditions in public buildings under the agency's control; a building may be dangerous or defective because of improper design, faulty construction or the absence of safety devices; however, a governmental agency is immune from liability where the defective or dangerous condition arises from renovation activities conducted within a publicly owned building which has been closed to the public and a workman of the general contractor is injured as a result of the renovation activity (MCL 691.1406; MSA 3.996[106]).

*McCroskey, Feldman, Cochrane & Brock, P.C.* (by *Suellyn Scarnecchia*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George L. McCargar* and *Alan Hoffman,* Assistant Attorneys General, for defendant.

Before: MacKENZIE, P.J., and ALLEN and G. W. CROCKETT, III,* JJ.

G. W. CROCKETT, III, J. Defendants appeal by leave granted from a March 8, 1985, order of the Court of Claims which denied their motion for summary judgment under GCR 1963, 117.2(3), now MCR 2.116(C)(10).

Plaintiffs' complaint alleged that plaintiff Donald Dudek received serious injuries in the course of his employment while working on the grounds of the Coldwater State Home & Training School, a state mental health facility, on July 6, 1979. The complaint alleged that he was injured when a cement block fell from a building, struck him, and caused him to fall off a ladder. Plaintiffs alleged that Donald's injuries were proximately caused by defendants' negligence. This negligence allegedly consisted of a failure to warn Donald of the defective condition of the building and a failure to inspect and repair the defective condition of the building contrary to the "public buildings" exception to governmental immunity contained in MCL 691.1406; MSA 3.996(106).

According to the deposition testimony of Herman Weissmann and the affidavits filed by defendants in support of their motion for summary judgment, Donald was employed by the general contractor for the renovation project, Miller-Davis Construction Company. The renovation project included internal demolition and structural changes to the inner and outer walls of several buildings used to house developmentally disabled patients. The patients had been removed from the building and the entire area of construction had been closed off by a six-foot-high chain link fence. Two

* Recorder's court judge, sitting on the Court of Appeals by assignment.

gates provided ingress and egress for authorized personnel. Signs were placed at the gates to warn that the area was not open to the public. The site of Donald's injuries was enclosed by the fence.

The trial court denied defendants' motion, ruling that the building where plaintiff was injured was open for use by the public because it was designed, maintained, or operated for use by the public.

A motion for summary judgment under GCR 1963, 117.2(3) is designed to test the factual support for a claim or a defense. *Crowther v Ross Chemical & Mfg Co,* 42 Mich App 426; 202 NW2d 577 (1972). Its limited purpose is to determine whether a genuine issue of any material fact exists. *Durant v Stahlin,* 375 Mich 628; 135 NW2d 392 (1965). When deciding a motion for summary judgment on this ground, a court must consider the affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973). The court must be satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome. *Rizzo, supra.*

We are asked to decide a question of law, namely, whether the site of injury was a public building open for use by members of the public for purposes of MCL 691.1406; MSA 3.996(106). Plaintiffs do not dispute that the building site was enclosed by a fence or that the building was closed for renovation.

The "public buildings" exception to governmental immunity, MCL 691.1406; MSA 3.996(106), provides in part:

> Governmental agencies have the obligation to repair and maintain public buildings under their

control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition.

We find no case directly on point to guide us.

In *Green v Dep't of Corrections,* 386 Mich 459, 463-464; 192 NW2d 491 (1971), aff'g 30 Mich App 648; 186 NW2d 792 (1971), the Court held that the Detroit House of Correction was a public building for purposes of MCL 691.1406; MSA 3.996(106), even though it was not open to the public at large. Further, it held that the plaintiff, an inmate who received injuries when using a planing machine in the prison shop, was a member of the public community, whether in or out of jail.

We are not persuaded that *Green, supra,* controls the disposition of this case. Although Donald could be considered a member of the public in a general sense, he was allowed onto the site only because he was employed by the general contractor to renovate the facility. The facts clearly show that the general public was excluded from the accident site. Further, the publicly-owned site was not "open for use" as a home for developmentally disabled persons.

By providing the "public buildings" exception to governmental immunity, the Legislature intended to protect the general public from injury by imposing upon governmental agencies the duty to maintain safe public places. *Pichette v Manistique Public Schools,* 403 Mich 268, 285; 269 NW2d 143 (1978). The determination of whether a part of a building, in this case a building wall, is dangerous

or defective is to be made in light of the "uses or activities" for which it is "specifically assigned." *Bush v Oscoda Area Schools,* 405 Mich 716, 731; 275 NW2d 268 (1979). A building may be dangerous or defective because of improper design, faulty construction or the absence of safety devices. *Bush, supra,* p 730. Where the defective or dangerous condition arises from the activities or operations conducted within the building and do not stem from the condition of the building itself, a claim is not stated within the "public buildings" exception. *Landry v Detroit,* 143 Mich App 16, 22; 371 NW2d 466 (1985), lv gtd 424 Mich 876 (1986); *Vargo v Svitchan,* 100 Mich App 809, 822-823; 301 NW2d 1 (1980), app dis 411 Mich 1035 (1982).

In this case, the dangerous or defective condition occurred as a result of the renovation activities in the area. In our view, the Legislature did not intend to abrogate sovereign immunity where a governmental building was closed to the general public for complete renovation and a workman of the general contractor was injured as a result of renovation activity.

We reverse the decision of the Court of Claims and remand the case for entry of an order granting defendants' motion for summary judgment.