DAGEN v VILLAGE OF BALDWIN (ON REMAND)

Docket No. 107762. Submitted April 11, 1988, at Lansing. Decided February 13, 1990. Leave to appeal applied for.

Richard R. Dagen, while a welfare recipient, was assigned by the Department of Social Services to work for the Village of Baldwin. Dagen sustained a work-related injury and with his wife, Charlene Dagen, filed an action in Lake Circuit Court against the Village of Baldwin and a DSS employee. Plaintiffs alleged claims of negligence and breach of contract, asserting that Mr. Dagen was a third-party beneficiary of a contract between the DSS and the village. The trial court, Richard I. Cooper, J., granted summary disposition in favor of the village, ruling that plaintiffs' claims as to the village were barred by the exclusive remedy provision of the workers' compensation act. The Court of Appeals affirmed the dismissal of the negligence claims but reversed the dismissal of the breach of contract claim. 159 Mich App 620 (1987). The Supreme Court, in lieu of granting leave to cross appeal, vacated the judgment of the Court of Appeals and remanded for reconsideration. 430 Mich 862 (1988).

The Court of Appeals *held:*

1. A contractual claim for accidental workplace injury is subject to the exclusive remedy provision of the workers' compensation act.

2. An application of the economic reality test to the facts in this case leads to the conclusion that defendant village was Mr. Dagen's employer for purposes of the workers' compensation act. Plaintiffs' action against the village is barred by the exclusive remedy provision of the act.

Affirmed.

1. WORKERS' COMPENSATION — CONTRACTS — EXCLUSIVE REMEDY.

A contractual claim for accidental workplace injury is subject to

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 50, 51, 407, 408, 410.
See the Index to Annotations under Labor and Employment; Poor Persons; Social Workers; Third-Party Beneficiaries; Workers' Compensation.

the exclusive remedy provision of the workers' compensation act.

2. WORKERS' COMPENSATION — ECONOMIC REALITY TEST.

The issue whether employment exists for purposes of applying the exclusive remedy provision of the workers' compensation act is resolved by applying an economic reality test; the test looks to the totality of the circumstances surrounding the performed work, including control over the worker, payment of wages, hiring and firing, and the responsibility for the maintenance of discipline; under the test, a worker may have more than one employer for purposes of the exclusive remedy provision (MCL 418.131; MSA 17.237[131]).

*Libner, Van Leuven & Kortering, P.C.* (by *John A. Braden*), for plaintiffs.

*Cholette, Perkins & Buchanan* (by *Kenneth L. Block*), for defendant.

Before: HOLBROOK, JR., P.J., and SHEPHERD and WAHLS, JJ.

PER CURIAM. This case is on remand from our Supreme Court, 430 Mich 862; 420 NW2d 573 (1988), which vacated our judgment in part and directed us to reconsider our earlier holding that plaintiff Richard Dagen stated a claim for personal injuries caused by a breach of a contractual duty owed him as a third-party beneficiary. 159 Mich App 620, 627-630; 406 NW2d 889 (1988). We now affirm the circuit court's grant of summary disposition in favor of defendant.

In *Beauchamp v Dow Chemical Co,* 427 Mich 1, 26-27; 398 NW2d 882 (1986), the Court held that a contractual claim for accidental workplace injury is subject to the exclusive remedy provision of the workers' compensation act. Cf. *Benson v Dep't of Management & Budget,* 168 Mich App 302, 305-308; 424 NW2d 40 (1988), lv den 431 Mich 905 (1988). Thus, if plaintiffs in this case are to assert

a claim against defendant Village of Baldwin for injuries sustained in consequence of a breach of a duty owed to Dagen as a third-party beneficiary, they must demonstrate that the village was not Dagen's employer for purposes of workers' compensation coverage.

In *Arntz v Southwestern Wilbert Corp,* 156 Mich App 309; 401 NW2d 358 (1986), another panel of this Court concluded that the exclusive remedy provision barred a tort claim brought by a plaintiff who, like the instant plaintiff, was a participant in a program conducted by the Department of Social Services that utilizes the labor of welfare assistance recipients at various work sites. The Court held that whether the cemetery where that plaintiff worked would be deemed his employer for purposes of the workers' compensation exclusive remedy bar should be determined by reference to the economic reality test:

> The exclusive remedy provision provides that "[t]he right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer." MCL 418.131; MSA 17.237(131). The issue of whether employment exists for purposes of this statute is resolved by applying an economic reality test. See, e.g., *Renfroe v Higgins Rack Coating & Mfg Co, Inc,* 17 Mich App 259; 169 NW2d 326 (1969); *Farrell v Dearborn Mfg Co,* 416 Mich 267; 330 NW2d 397 (1982). This test looks to the totality of the circumstances surrounding the performed work, including control over the worker, payment of wages, hiring and firing, and the responsibility for the maintenance of discipline. *Farrell, supra,* p 276. Under the test, a worker may have more than one "employer" for purposes of the exclusive remedy provision. See *Renfroe, supra.* [156 Mich App 312.]

The record is adequately developed for us to re-

view the issue whether plaintiff should be deemed an employee of defendant Village of Baldwin for purposes of the exclusive remedy provision. The circumstances of plaintiff's relationship with the village were uncontroverted below. Plaintiff was informed by DSS that he was required to work for a designated employer sufficient hours to cover his grant of ADC benefits at the rate of $3.35 per hour. DSS accommodated plaintiff's stated preference to do maintenance work for the village. Maintenance employees of the village interviewed participants referred to them by DSS, explained the requirements of the job, and inquired about each participant's suitability. Although DSS was aware of the general job description as maintenance work, the specific job duties were left entirely for the village to decide and to implement. The village was responsible for each participant's work schedule and for notifying participants when and where to report to work. However, the village paid no compensation to participants in the program. If a participant was not performing his job duties in a satisfactory manner, he was at first informally admonished by a village employee. In the event that any participant became a discipline problem, he was told that he would be reported to DSS if he did not do what he was told and that someone else would replace him. If reprimands could not resolve unsatisfactory job behavior, the participant would be reported to DSS, which was responsible for imposing sanctions.

Applying the economic reality test to the totality of the circumstances of plaintiff's work environment, we conclude that there are sufficient indicia of an employment relationship so that plaintiff is barred as a matter of law from pursuing a claim for personal injuries. The village had complete control over the day-to-day tasks performed by plaintiff and effectively shared control with DSS over matters of

discipline, hiring, and firing. Although plaintiff contends that DSS had the right to supervise the job assignments of its client-participants and the safety of the work sites, it is clear that these duties were in fact delegated to the village. Only the source of payment of plaintiff's ADC benefits militates entirely in favor of an exclusive employment relationship with DSS. The overall circumstances of the arrangement are entirely consistent with the conclusion by the Court in *Arntz* that the plaintiff participant was an employee of both the state and the proprietor of the work site.

Plaintiff argues that the economic reality test is inapplicable because plaintiff's entitlement to workers' compensation is not based on any provision of the Workers' Disability Compensation Act, but rather on MCL 400.56e; MSA 16.456(5), which is part of the Social Welfare Act. The latter provides that "any person receiving assistance under this act who is engaged in a community work or training program or work experience program" is entitled to workers' compensation benefits. Even if this statute is assumed to be the sole authority for plaintiff's entitlement to benefits, it does not follow that the exclusive remedy provision is thereby rendered inapplicable. Rather, reading the statute in pari materia with the workers' compensation scheme, we conclude that plaintiff remains precluded from seeking recovery from any entity that constitutes his employer under the criteria of the economic reality test.

Upon reconsideration in light of *Beauchamp* and *Arntz,* we conclude that our earlier decision to reverse the grant of summary disposition for the village was erroneous. The circuit court's summary disposition for the village is therefore affirmed in its entirety.

Affirmed.