KERBERSKY v NORTHERN MICHIGAN UNIVERSITY

Docket No. 105234. Argued May 5, 1998 (Calendar No. 8). Decided July 30, 1998.

Gerald and Linda Kerbersky brought an action in the Court of Claims against Northern Michigan University and others, and a related action in the Marquette Circuit Court against Adolfson & Peterson, Inc., the general contractor on an NMU renovation project. The actions were consolidated in the circuit court. Plaintiffs claimed that Gerald suffered injuries when he fell from a defective ladder permanently attached to a building on the campus where he had been working on the renovation project. The court, Raymond J. Jason, J., granted summary disposition for the defendant, holding that the claim was barred by governmental immunity because the area where the fall occurred had restricted access and was not designed or intended for use by members of the general public. The Court of Appeals, D. E. HOLBROOK, JR., P.J., and REILLY and HOEKSTRA, JJ., affirmed in an unpublished peremptory order, stating that, even if it assumed the area was accessible to the general public, the public building exception did not apply because the area where the injury occurred was not intended for use by the general public (Docket No. 170889). The plaintiffs appeal.

In an opinion by Justice TAYLOR, joined by Chief Justice MALLETT, and Justices BRICKLEY and WEAVER, the Supreme Court held:

A member of the public injured as a result of a defect or dangerous condition of a building that is open to members of the public may invoke the public building exception to governmental immunity, even if the person is injured in an area of the building not open for use by members of the general public.

1. To come within the narrow confines of the public building exception to governmental immunity, a plaintiff must prove that a governmental agency is involved, the public building was open for use by members of the public, a dangerous or defective condition of the public building itself existed, the governmental agency had actual or constructive knowledge of the alleged defect, and that, after a reasonable period, it failed to remedy the defective condition or to take action reasonably necessary to protect the public against the condition.

2. The public building exception does not apply to all public buildings. Rather, it applies to public buildings that are open for use by members of the public. Where an entire building is closed for renovations, it is reasonable to find that the building ceased to be a public building open for use by members of the public. However, neither the letter nor the spirit of the statute suggests that a public building must be open for use by the entire public. Members of the public do not lose their right to be protected simply where, like the plaintiff, they come to a public building to perform work.

3. In this case, the building in question was open to members of the public during renovations, and the fact that the plaintiff was a construction worker did not deprive him of his status as a member of the public.

Justice BOYLE concurred only in the result.

Justice KELLY, joined by Justice CAVANAGH, concurring, agreed that the fact the plaintiff was injured while working on the building does not disqualify him from membership in the public entitled to the act's protection, and the case law requiring a plaintiff to prove injury in a public area of a public building has no basis in the statute and must be disavowed. However, the majority goes too far by expressing its opinion on several issues not currently before the Supreme Court. It is imprudent to apply a statute to a laundry list of factual situations not on appeal. The proper way to review opinions of the Court of Appeals is to grant leave to appeal, and thereby obtain the benefit of briefing and oral argument.

Affirmed in part and reversed in part.

*Putnam v Wayne Co Community College (After Remand)*, 189 Mich App 557; 473 NW2d 711 (1991), overruled.

*James W. Perry* for the plaintiffs-appellants.

*Miller, Canfield, Paddock & Stone, P.L.C.* (by *James E. Spurr, Ronald E. Baylor,* and *Sarah S. Swallow*), for the defendants-appellees.

TAYLOR, J. We granted leave to appeal in this case to determine whether the public building exception to governmental immunity[1] applies to injuries suffered

---

[1] MCL 691.1406; MSA 3.996(106) provides in pertinent part:

Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by

by a construction worker who fell off an allegedly defective ladder on the roof of a Northern Michigan University administration building that remained open to members of the public while renovations were being performed. We find that it does, and therefore we reverse the judgments entered by the Court of Appeals and the trial court.

We hold that a member of the public injured as the result of a defect or dangerous condition of a building that is open to members of the public may invoke the public building exception to governmental immunity, even if the person is injured in an area of the building not open for use by members of the general public.

### FACTS AND PROCEEDINGS

On August 10, 1990, plaintiff Gerald Kerbersky was injured when he fell from a permanently attached ladder to a building on the NMU campus. Kerbersky had been working as a welder/carpenter on a renovation project of the building, which remained open for use by members of the public during the construction work. A lawsuit was subsequently filed against defendant in the Court of Claims, alleging the dangerous or defective public building exception to governmental immunity[2] and nuisance. A gross negligence

---

members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition.

[2] While this exception to governmental immunity is not a cause of action, it is clear plaintiff was alleging a negligence/premises liability theory that was pleaded in such a way as to anticipate and hopefully defeat a governmental immunity defense. See, further, n 3.

claim was also asserted against two individual employees of defendant. It was alleged that the ladder was defective because it was attached closer to the wall than allowed by safety codes and because there was a conduit strung underneath the ladder frame. Defendant moved for summary disposition, arguing that plaintiffs' claim was barred by governmental immunity because the roof of the building was not open to the public and that plaintiff was not present as a member of the public when the accident occurred. Plaintiff opposed the motion, arguing that he was a member of the public and that the area of the roof where the fall occurred was in fact open to members of the public.

After the Court of Claims case was consolidated with a related circuit court action, the circuit court granted defendant's motion for summary disposition on the basis that the area where the fall occurred had restricted access and was not designed or intended for use by members of the general public. The Court of Appeals affirmed, in an unpublished peremptory order, stating that even if it assumed the area was accessible to the general public, the public building exception did not apply because the area where the injury occurred was not intended for use by the general public. The Court of Appeals also affirmed the trial court's dismissal of the gross negligence and nuisance counts.[3] We subsequently granted leave to appeal. 456 Mich 920 (1998).

---

[3] We find that the dismissal of these counts was entirely proper and find no need for further discussion.

STANDARD OF REVIEW

The trial court granted defendant summary disposition on the basis of MCR 2.116(C)(7) (immunity granted by law). When a motion is filed under this subrule, the court must consider not only the pleadings, but also any affidavits, depositions, admissions or documentary evidence that is filed or submitted by the parties. MCR 2.116(G)(5); *Sewell v Southfield Public Schools*, 456 Mich 670, 674; 576 NW2d 153 (1998). We review the orders granting summary disposition de novo. *Groncki v Detroit Edison Co*, 453 Mich 644, 649; 557 NW2d 289 (1996).

GOVERNMENTAL IMMUNITY PRINCIPLES

As we recently reiterated in *Horace v City of Pontiac*, 456 Mich 744, 749; 575 NW2d 762 (1998), the term "governmental function" is to be broadly construed, and the statutory exceptions thereto, including the public building exception, are to be narrowly construed. To come within the narrow confines of this exception, a plaintiff must prove that (1) a governmental agency is involved, (2) the public building in question was open for use by members of the public, (3) a dangerous or defective condition of the public building itself exists, (4) the governmental agency had actual or constructive knowledge of the alleged defect, and (5) the governmental agency failed to remedy the alleged defective condition after a reasonable period *or failed to take action reasonably necessary to protect the public against the condition after a reasonable period.* MCL 691.1406; MSA 3.996(106); *Jackson v Detroit*, 449 Mich 420, 428; 537 NW2d 151

(1995).[4] The issue in the case at bar involves the proper understanding and application of the second element, i.e., whether the public building was open for use by members of the public.[5]

REVIEW OF CASE LAW

Although we have not specifically reached the question in the post-*Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984), era of governmental immunity law,[6] the Court of Appeals has issued several opinions containing statements related to the question whether the public building

---

[4] We note that *Jackson, supra,* inadvertently omitted the italicized part of the fifth element.

[5] If a plaintiff's cause of action properly fits within a statutory exception to governmental immunity, the plaintiff must then establish the elements of his underlying cause of action. MCL 691.1412; MSA 3.996(112) (claims under this act are subject to all the defenses available to claims sounding in tort brought against private persons). See also *Canon v Thumudo*, 430 Mich 326, 335; 422 NW2d 688 (1988), which cautions against confusing the separate inquiries into immunity and negligence. For example, while governmental employees working in governmental buildings that are open for use by members of the public could invoke the defective public buildings exception, recovery would be barred unless the exclusive remedy provisions of the worker's compensation act could be avoided. *Simkins v General Motors Corp (After Remand)*, 453 Mich 703, 710-712; 556 NW2d 839 (1996).

[6] We did issue a peremptory order in *Andrews v Detroit*, 450 Mich 875 (1995), holding that, "[i]n view of the unique facts and circumstances," the Detroit Wastewater Treatment Plant was "not a public building that was 'open for use by members of the public.'" This order is somewhat inscrutable, given that the unique facts and circumstances were not identified. Nevertheless, the case surely stands for the proposition that some governmental buildings are not covered by the statute because they simply are not open for use by members of the public. See also Justice LEVIN's statement regarding why he would have granted leave to appeal in *Gear v Univ of Michigan Bd of Regents*, 439 Mich 935-936 (1992) (it appears, therefore, that a public building is one open to those of the general public who use it for its intended purpose).

exception applies when a person is injured in an area of a public building that has restricted access.[7]

In *Dudek v Michigan*, 152 Mich App 81; 393 NW2d 572 (1986), the plaintiff was employed by a general contractor for renovation of a state mental health facility and was injured when a cement block fell from a building. The Court of Appeals held the public building exception did not apply because, at the time plaintiff was injured, the entire area of construction had been closed off by a six-foot-high chain-link fence and ingress and egress for authorized personnel was provided by gates. It also was the case that signs had been placed at the gates to warn that the area was not open to the public.

In *Griffin v Detroit*, 178 Mich App 302; 443 NW2d 406 (1989), a resident of a low-income-housing facility, owned and operated by the city, drowned in her bathtub. It was alleged that the city was negligent for failing to install and maintain protective railings for the bathtub. The Court of Appeals held that the public building exception did not apply, even if the dwelling unit was part of a public building, because the dwelling unit was not open for use by members of the public. The Court of Appeals said that the unit was only open for use by the decedent as her private residence under a lease.

In *Taylor v Detroit*, 182 Mich App 583; 452 NW2d 826 (1989), a ten-year-old boy was electrocuted after entering an electrical substation located in an abandoned section of a city-owned housing project. The substation was a brick structure with a single access

---

[7] We renew and comment upon this case law because we reject language in some of the cases and to provide guidance to the trial courts.

door that was locked from the outside. The Court of Appeals held that the public building exception did not apply because only authorized personnel were allowed entry into the substation and the structure was neither designed nor intended to be accessible to or used by the general public.

In *White v Detroit*, 189 Mich App 526; 473 NW2d 702 (1991), the plaintiff, a tenant in a low-income-housing facility owned and operated by the city, injured his hip when he stepped into a hole in a brick patio located within the project. The Court of Appeals held that a city-owned residential housing facility was not a public building as a matter of law and that, because the building itself was not a public building, the patio could not fall within the exception. The Court acknowledged that the area where the plaintiff fell was arguably accessible to the public. It said that neither the plaintiff nor the *Griffin* Court had provided authority for the principle that part of a building can be considered public and part considered nonpublic for purposes of the statutory exception. It noted further that the plaintiff fell in an area adjacent to a nonpublic building and that the building was not used for public offices or for a public purpose.

In *Putman v Wayne Co Community College (After Remand)*, 189 Mich App 557; 473 NW2d 711 (1991), the plaintiff was injured when he fell from a catwalk in an auditorium on a college campus. The Court of Appeals said that the public building exception did not apply because the area where the plaintiff was injured was not open for use by members of the general public and the catwalk was neither designed nor intended to be used by or accessible to the general public. It was noted that only authorized persons,

members of a theater group, were allowed entry to the catwalk area.

In *Steele v Dep't of Corrections*, 215 Mich App 710; 546 NW2d 725 (1996), the plaintiff was a prison inmate on a work crew renovating a state building at a correctional facility. The plaintiff slipped on a heating duct and fell through a drop ceiling. The Court of Appeals said the focus was on the accessibility of the accident site to members of the general public. The Court acknowledged that the public building exception is applicable to buildings with limited access, such as schools and prisons, but said the exception did not apply because the building in which the plaintiff was injured was not open to the public during renovations.

### ANALYSIS

The public building exception applies to public buildings open for use by members of the public and makes governmental agencies liable for injuries sustained for defects or dangerous conditions of a building if an agency failed to remedy such a condition or take action necessary to protect the public against it. MCL 691.1406; MSA 3.996(106).

The first thing we observe is that the statute does not apply to all public buildings. Rather, it applies to public buildings that are open for use by members of the public. *Andrews v Detroit*, 450 Mich 875 (1995), is consistent with this understanding that not all buildings owned by governmental agencies are "public buildings."

We also take this opportunity to clarify that certain cases have caused confusion by erroneously inserting the word "general" in front of the words "members of

the public" in describing those buildings that come within the statute.[8] These cases have stated that the building had to be open to members of the general public even though the statute only requires the building to be open to members of the public. The word "general" is not in the statute and therefore should not be read into the statute. As noted in *Steele*, the public building exception can apply to buildings with limited access. For example, this Court's handling of *Bush v Oscoda Area Schools*, 405 Mich 716; 275 NW2d 268 (1979), demonstrates that the building in question does not have to be open to members of the general public to come within the statute. In *Bush*, we held that the public building exception applied to an injury sustained in a high school chemistry class. Very few people could legitimately have been in this classroom. This particular classroom was not accessible by members of the *general* public. See also *Velmer v Baraga Area Schools*, 430 Mich 385; 424 NW2d 770 (1988) (the public building exception was applicable to a milling machine in a shop class).

We find that this unfortunate judicial gloss of requiring that buildings be open to the general public has led to an interpretation of the public building exception that is narrower than the statutory language allows.[9] Even though we give the exception a

---

[8] Use of the qualifying word *general* in front of the statutory language of "the public" appears traceable to *Pichette v Manistique Public Schools*, 403 Mich 268, 285; 269 NW2d 143 (1978), where this Court said that the Legislature intended to protect the "general public" from injury by enacting the statutory exceptions to governmental immunity. *Pichette* is not good law. *Horace* at 750, n 3.

[9] One commentator argued that cases requiring the building to be open to the *general* public were dubious because they had rewritten the statute and constituted judicial legislation. Braden, *Liability for Defective Public Buildings*, 72 Mich B J 1144, 1144-1145 (1993).

narrow reading, we are not free to read the statute so narrowly that we defeat the purpose of the statute. Neither the letter nor the spirit of the statute suggests that a public building must be open for use by the entire public.

We agree with the actual holdings issued in *Dudek* and *Steele*. In each case, the entire building had been closed off for renovations. Clearly the building was not open for use by members of the public. *Andrews v Detroit, supra.*

We also agree with the result reached in *White*. As we recently held in *Horace*, the public building exception does not apply to injuries sustained in a slip and fall in an area adjacent to a public building.

The holding in *Taylor* is also consistent with our view of the public building exception. The decedent in *Taylor* climbed into a locked room of an electrical substation through some broken latticework at the top two feet of an otherwise bricked-in window. Dismissal of the claim was proper because the substation clearly was not open for use by members of the public. *Andrews v Detroit, supra.*

We agree with the holding in *Griffin*. An injury within a private residence surely does not come within the statute. A tenant who is present in a city-owned apartment as the result of an oral or written lease is not using the building as a member of the public; rather, such a person has a contractual possessory interest in the apartment.

We do not agree with *Putman*, and therefore we overrule it. In *Putman*, the plaintiff was injured when he fell off a catwalk in a public building. Even though the plaintiff was a member of a theater group that was allowed entry to the catwalk, the Court of

Appeals nevertheless held that the public building exception did not apply because the area from which the plaintiff fell was not open for use by members of the general public. *Putman* is inconsistent with our holding today. The auditorium in *Putman* was a building open for use by members of the public. Thus, the plaintiff should have been able to invoke the public building exception.

We also reject defendant's argument that plaintiff could not invoke the public building exception because he was present, not as a member of the public, but rather as an employee of a subcontractor on a construction site. Members of the public do not lose their right to be protected simply because they come to a public building to perform work. We expressly reject dicta in *Dudek* and *Dagen v Village of Baldwin*, 159 Mich App 620, 625; 406 NW2d 889 (1987),[10] suggesting that construction workers may be barred from invoking the public building exception because they are not members of the public.

### APPLICATION

As previously indicated, the building in question was in fact open to members of the public during renovations, the fact that Kerbersky was a construction worker did not deprive him of his status as a member of the public. The second element of the public building exception was satisfied.[11]

---

[10] Vacated and remanded on other grounds, 430 Mich 862 (1988), (*On Remand*), 183 Mich App 484; 455 NW2d 318 (1990).

[11] Defendant also argues that plaintiff cannot meet the second half of the fifth element of a cause of action under the public building exception, i.e., the governmental agency failed to take action reasonably necessary to protect the public against the condition after a reasonable period, MCL 691.1406; MSA 3.996(106), because it took action reasonably necessary to

CONCLUSION

Affirmed in part and reversed in part. We reinstate the public building exception count and affirm dismissal of the gross negligence and nuisance counts.

MALLETT, C.J., and BRICKLEY and WEAVER, JJ., concurred with TAYLOR, J.

BOYLE, J., concurred only in the result.

KELLY, J. (*concurring*). The plaintiff in this case has pleaded a claim in avoidance of governmental immunity from liability under the public building exception. I agree with the majority that the fact plaintiff was injured while working on the building does not disqualify him from membership in the public entitled to the act's protection. I also agree that the case law requiring a plaintiff to prove he was injured in a "public area" of a public building has no basis in the statute and must be disavowed. However, I cannot join today's opinion because I believe the majority goes too far by expressing its opinion on several issues not currently before the Court.

Plaintiff was injured while doing repair work on the roof of the Cohodas Administration Building on the campus of Northern Michigan University. He fell and was injured while descending a ladder that was attached to a wall and that gave access to the roof of the building. The majority expresses an opinion on holdings of the Court of Appeals deciding (1) whether

protect the public from the defective condition by restricting access to the roof. We find it unnecessary to determine whether access to the roof was in fact restricted. Even if access to the roof was restricted, the building itself remained open, and access to the roof was not restricted with respect to Kerbersky. Thus, it cannot be said that plaintiff will be unable to establish the fifth element of the public building exception.

the exception applies to a building entirely closed due to renovations, (2) whether a person injured outside a public building can recover, (3) whether an electric substation was a public building open for use by members of the public, and (4) whether the plaintiff occupied a city-owned apartment as a member of the public. *Ante* at 531-533. I express no opinion on these Court of Appeals cases because they do not involve issues that are before the Court. The issue in this case is whether there is a public area requirement in the public building exception.

It is imprudent to apply a statute to a laundry list of factual situations not on appeal. Occasionally, we reach issues not directly raised in order to give guidance to the lower courts. However, this practice should not be used as a guise to pass judgment on tangentially related Court of Appeals opinions.

I believe the proper way to review opinions of the Court of Appeals is to grant leave to appeal, thereby obtaining the benefit of briefing and oral argument. To do otherwise is disrespectful of the considered decisions of the Court of Appeals. It is inconsistent with the spirit of our own rules that require four votes to grant leave. Moreover, it does not give interested persons notice that we are considering an issue, and therefore the Court does not obtain the benefit of their necessary contributions as amici curiae.

I agree with the majority that there is no public area requirement in the public building exception. I agree, also, that neither the fact plaintiff was injured while working on the building, nor the fact that he may have been working in a restricted area, disqualify him from the act's protection. I would reverse the judgments of the Court of Appeals and the trial court

on the public building exception count. However, I
am unable to join in that portion of the majority opin-
ion passing judgment on Court of Appeals cases
involving issues not before us.

CAVANAGH, J., concurred with KELLY, J.