BROWN v GENESEE COUNTY BOARD OF COMMISSIONERS
(ON REMAND)

Docket No. 179788. Submitted December 4, 1998, at Lansing. Decided December 29, 1998, at 9:55 A.M. Leave to appeal sought.

Chester E. Brown, Jr., brought an action in the Genesee Circuit Court against the Genesee County Board of Commissioners, seeking damages for injury he sustained while an inmate of the Genesee County Jail when he slipped and fell on a wet floor after taking a shower. The plaintiff pleaded the public building exception to governmental immunity from tort liability, alleging that the shower area was defective or dangerous. The court, Judith A. Fullerton, J., granted summary disposition for the defendant, ruling that the public building exception does not apply in this case. The plaintiff appealed. The Court of Appeals, TAYLOR, P.J., and MARKEY and N. O. HOLOWKA, JJ., affirmed, finding that the shower area where the plaintiff fell was not open for use by members of the public or accessible to members of the general public, so the public building exception did not apply. 222 Mich App 363 (1997). The plaintiff's application for leave to appeal to the Supreme Court was held in abeyance pending the resolution of *Kerbersky v Northern Michigan Univ* by the Supreme Court. Following the Court's decision in *Kerbersky*, 458 Mich 525 (1998), the Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for reconsideration in light of *Kerbersky*. 459 Mich 881 (1998).

On remand, the Court of Appeals *held*:

1. *Kerbersky* established a new expanded area of focus in public building exception cases. The critical inquiry is the public nature of the building where the accident occurred, not the public nature of the accident site within the building where the accident occurred.

2. The prior opinion in this matter must be vacated because the rationale underlying it does not reflect the statement of the law set forth in *Kerbersky*.

3. Issues of fact exist regarding whether the construction of the drain adjacent to the shower, or a defect in the drainage system, constituted a dangerous or defective condition of the public building itself. The trial court's order granting summary disposition must be reversed, the plaintiff's claims regarding the public building

exception must be reinstated, and the matter must be remanded for further proceedings.

Reversed and remanded.

GOVERNMENTAL IMMUNITY — PUBLIC BUILDING EXCEPTION.

The critical inquiry in determining whether the public building exception to governmental immunity applies is the public nature of the building where the accident occurred, not the public nature of the accident site within the building; if the building in which the plaintiff is injured is a public building open for use by members of the public, regardless of whether the situs of the accident is accessible to the public, the plaintiff should be able to invoke the public building exception (MCL 691.1406; MSA 3.996[106]).

*Schreier & Weiss, P.C.* (by *Mark Schreier* and *Alyce M. Haas*), for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani* and *H. William Reising*), for the defendant.

ON REMAND

Before: MARKEY, P.J., and FITZGERALD and WHITE, JJ.

PER CURIAM. This Court previously issued its opinion affirming the trial court's grant of summary disposition for defendant pursuant to MCR 2.116(C)(7) in *Brown v Genesee Co Bd of Comm'rs*, 222 Mich App 363; 564 NW2d 125 (1997). Plaintiff's application for leave to appeal to our Supreme Court was held in abeyance pending the resolution of *Kerbersky v Northern Michigan Univ* (Supreme Court Docket No. 105234). In light of its July 30, 1998, decision in *Kerbersky*, found at 458 Mich 525; 582 NW2d 828 (1998), our Supreme Court, in lieu of granting leave to appeal, remanded this matter to us so we may reconsider our decision in light of *Kerbersky*. 459 Mich 881 (1998). On remand, we must conclude that the rationale underlying our previous decision does not reflect the Supreme Court's current statement of the law as

set forth in *Kerbersky*. We further conclude, however, that in light of *Kerbersky*, issues of fact exist regarding whether the construction of the drain adjacent to the inmates' shower, or a defect in the drainage system, constituted a "dangerous or defective condition of the public building itself." Accordingly, we vacate our prior opinion, reverse the trial court's order granting defendant's motion for summary disposition, and remand this matter for further proceedings and evidence to determine whether the shower area itself constituted a dangerous or defective condition of the jail, which is a public building.

In *Kerbersky, supra* at 527-528, a worker was injured when he fell from a ladder permanently attached to a building on the defendant university's campus during a renovation project involving the building. Kerbersky filed suit against the defendant university and others, alleging a negligence or premises liability theory and the application of the public building exception to governmental immunity. *Id.* Our Supreme Court determined that requiring a plaintiff to "prove he was injured in a 'public area' of a public building has no basis in the [public building exception to governmental immunity] statute," MCL 691.1406; MSA 3.996(106).[1] *Id.* at 537 (KELLY, J., concurring). In short, the Supreme Court concluded that if the building in which the plaintiff is injured is a public building open for use by members of the public, regardless of whether the *situs* of the accident is accessible to

---

[1] The majority opinion chronicles this Court's opinions issued after *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984), commenting on their continued viability, but none of those cases involved facts similar to those presented in *Kerbersky* or in the case at bar.

the public, the plaintiff should be able to invoke the public building exception.

Having decided this case before *Kerbersky* and pursuant to then-existing case law, we concluded in our prior opinion that "the shower area *where plaintiff fell* is not 'open for use by members of the public' or accessible to members of the general public," so the public building exception did not apply. *Brown, supra* at 368 (emphasis added). Clearly, through *Kerbersky*, the Supreme Court has established a new, expanded area of focus in public building exception cases, i.e., the public nature of the *building* where the accident occurred rather than the public nature of the *accident site* within the building where the accident occurred, is the critical inquiry. We therefore must follow the Supreme Court's most recent pronouncement on the subject and vacate our previous opinion because it conflicts directly with *Kerbersky*.

Accordingly, we reverse the trial court's grant of summary disposition on governmental immunity grounds, reinstate plaintiff's public building exception claims, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.