Markman, J.
I concur in the result reached in the plurality opinion because I agree that the public building exception to governmental immunity is not applicable in this case, although I reach this conclusion on the basis of a different analysis than that of the plurality opinion’s. Accordingly, I concur in the plurality opinion’s reversal of the decision of the Court of Appeals and the reinstatement of the trial court’s grant of summary disposition in favor of defendant.
First, I agree with the plurality opinion’s conclusion that a jail is “open for use by members of the public,” as well as in its analysis in reaching this conclusion. Second, I agree that an inmate is not a member of the public within the meaning of the public building exception. However, I respectfully disagree with the analysis by which the plurality opinion reaches this conclusion. It reaches such a conclusion on the basis of the statutory language that limits the government’s duty to repairing and maintaining public buildings *441 that are “open for use by members of the public.” In contrast, I reach this same conclusion on the basis of the statutory language that limits the government’s liability to injuries caused by failing to “take action reasonably necessary to protect the public against the condition.” We both conclude that a jail inmate is not a member of the public for purposes of the public building exception in order to avoid rendering the language of the statute meaningless by encompassing within the definition of public virtually everyone. The difference in our analyses is that I come to this conclusion in order to avoid rendering the term “public” as contained in the last sentence of the statute meaningless, whereas the plurality opinion comes to the same conclusion in order to avoid rendering the term “public” as contained in the first sentence of the statute meaningless.
Finally, I disagree with the plurality opinion’s conclusion that a party seeking relief under the public building exception must be a member of the public. The essential difference between my interpretation of the statute and that of the plurality is that I view the statute as a “where” statute while it views the statute as a “who” statute. In other words, I believe that the statute limits the government’s liability to certain places, i.e., public buildings that are “open for use by members of the public.” In contrast, the plurality opinion asserts that the statute limits the government’s liability to certain people, i.e., members of the public.
I. ANALYSIS
I agree with the plurality opinion’s conclusion that an inmate is not a member of the public within the *442 meaning of the public building exception. However, I come to this conclusion for reasons different from the plurality opinion’s. The plurality reaches this conclusion on the basis that the limitation of the government’s duty to only public buildings that are “open for use by members of the public” also implicitly limits the government’s duty to only members of the public. Ante at 438. In my view, the language “open for use by members of the public” limits only which buildings are public buildings for purposes of the public building exception. Accordingly, a jail is a public building within the meaning of the public building exception because it is “open for use by members of the public.”
In my judgment, the important issue in this case is not merely whether defendant was a member of the public, but rather whether action by the defendant “was reasonably necessary to protect the public against the [alleged dangerous or defective] condition” of the public building. The public building exception statute provides:
Governmental agencies are liable for bodily injury and property damages resulting from a dangerous or defective condition of a public building if the governmental agency . . . failed to . . . take action reasonably necessary to protect the public against the condition. [MCL 691.1406 (emphasis added).]
It is clear from the language of the statute, i.e., “necessary to protect the public,” that the Legislature intended to limit the government’s liability, in that the government only is hable for failing to “take action reasonably necessary to protect the public.” Thus, the relevant question is whether action was “necessary to protect the public.” Because the government is only *443 liable for injuries caused by failing to “take action reasonably necessary to protect the public,” if a member of the public is injured in a “public building,” the government may be liable.[1]
However, because this liability is limited to failing to “take action reasonably necessary to protect the public,” if a person who is not a member of the public is injured in a “public building,” the government may only be liable if the plaintiff was injured in an area of the building open to the public. This is true because, in order to protect members of the public, the government must keep areas of public buildings that are open to members of the public free from dangerous or defective conditions.[2] However, because this liability is limited to failing to “take action reasonably necessary to protect the public,” the government is not liable for failing to repair and maintain areas of public buildings not open to the public, unless a member of the public is actually injured therein. See Kerbersky v Northern Mich Univ; 458 Mich 525, 527; 582 NW2d 828 (1998).[3] Therefore, in order for the public building *444 exception to apply, plaintiff must establish that (1) he was a member of the public, or (2) he was injured in an area of the building open to the public.
The plurality opinion concludes that a party seeking relief under the public building exception must be a member of the public. Ante at 436. It asserts that the limitation of the government’s duty to public buildings that are “open for use by members of the public” also implicitly limits the government’s duty to only members of the public. Ante at 438. I respectfully disagree. The statutory language clearly expresses the Legislature’s intent for the government’s duty to only apply to certain buildings, but it says nothing about limiting the government’s duty to certain people.
The plurality opinion contends that “[t]he Legislature would not have limited the duty to buildings that are open to members of the public if it had intended to protect persons who are not members of the public.” Ante at 438 (emphasis in the original). Although I do not know with any certainty what motivated the Legislature in this regard, I suspect that it included this language to ensure that the public building exception would apply to buildings that are open, to some degree, to the public, such as jails and office buildings, but not to buildings that are altogether *445 closed to the public, such as electrical substations and data facilities. Had it merely limited the government’s duty to members of the public, without limiting the government’s duty to public buildings that are “open for use by members of the public,” the statute may well have imposed what the Legislature perceived as an unreasonable burden upon the government to maintain and repair such “public buildings” as substations and data facilities at an unnecessarily high level. The corollary to the plurality opinion’s argument, of course, is that if the Legislature had intended to protect only members of the public, it could have just as easily stated that proposition, as well.
A. IS A JAIL INMATE A MEMBER OF THE PUBLIC WITHIN THE MEANING OF THE PUBLIC BUILDING EXCEPTION?
In determining whether the government is liable for injuries sustained by a plaintiff under the public building exception, the first inquiry is whether the plaintiff is a member of the public. “The primary goal of judicial interpretation is to ascertain and give effect to the intent of the Legislature.” McJunkin v Cellasto Plastic Corp, 461 Mich 590, 598; 608 NW2d 57 (2000). This Court’s obligation is to determine the Legislature’s intent “as gathered from the act itself.” Id. MCL 691.1406 provides that a governmental agency is liable for failing to do what is “reasonably necessary to protect the public” against dangerous or defective conditions in public buildings. The logical reading of this statute is that the Legislature intended to limit the government’s liability to injuries caused by the government’s failure to protect members of the public. It is clear from the plain words of the statute, *446 i.e., “necessary to protect the public,” that the Legislature did not intend under the public building exception for governmental agencies to be liable for injuries caused by the government’s failure to do what is necessary to protect persons who are not members of the public, such as jail inmates.
A jail inmate is not in the class of persons the Legislature intended to protect when it enacted the public building exception to governmental immunity.[4] This is evidenced by the statutory language limiting a governmental agency’s liability to injuries caused by the government’s failure to take action to protect members of the public. People who enter jails to visit inmates are members of the public whom the Legislature intended to protect. However, in my judgement, an inmate who is legally compelled to be at the jail is not a' member of the public for purposes of the public building exception.
This Court’s interpretation of a statute must avoid denying effect to portions of that statute. Piper v Pettibone Corp, 450 Mich 565, 571-572; 542 NW2d 269 (1995). If we were to interpret “public” to include inmates, we would be denying effect to a portion of the public building statute. The Legislature intended governmental agencies to only be liable for failing to protect members of the public. However, if we interpret “public” to include inmates, governmental agencies would effectively be liable to everyone because, if an inmate is a member of the public, it is difficult to conceive of who would not be considered to be part of such a class. The inmate is segregated from *447 the public, he is severely limited in his ability to intermingle with the public, and under typical circumstances is confined to an area in which the public has no right to be. I would conclude that the statute does not impose liability upon governmental agencies for failing to do what is necessary to protect inmates of a jail for purposes of the public building exception. Accordingly, I agree with the plurality opinion’s conclusion that a jail inmate is not a member of the public within the meaning of the public building exception, and thus I concur with the plurality opinion’s overruling of that part of Green v Dep’t of Corrections, 386 Mich 459; 192 NW2d 491 (1971), which held that inmates are members of the public community whether in or out of jail.[5]
*448 B. WAS PLAINTIFF INJURED IN AN AREA OF THE BUILDING OPEN TO THE PUBLIC?
In determining whether the government is liable for injuries sustained by plaintiff under the public building exception, the second inquiry is whether the plaintiff was injured in an area of the building open to the public. In order to protect the public, governmental agencies must ensure that all areas of public buildings, to which the public has access, contain no dangerous or defective conditions. It would be illogical to hold that a governmental agency must keep all areas of a public building free from dangerous or defective conditions, because the statute expressly provides that a governmental agency only is liable for failing to protect the “public” from those conditions. Thus, governmental agencies are not liable for failing to keep areas of public buildings to which the public does not have access free from dangerous or defective conditions, unless that condition, in fact, causes a member of the public injury. See Kerbersky, supra at 527. Kerbersky, supra at 527, held that “a member of the public injured as the result of a defective] or dangerous condition of a building that is open to members of the public may invoke the public building exception to governmental immunity, even if the person is injured in an area of the building not open for use by members of the general public.” I would reaffirm that holding. What I would hold today is that a person who is not a member of the public cannot invoke the public building exception to governmental immunity *449 if that person is injured in an area of the building not open to the public. However, a person who is not a member of the public may invoke the public building exception if that person was injured in a part of the building that is open to the public. In sum, a member of the public can invoke the public building exception, regardless of whether the specific accident site was open to members of the public, but a person who is not a member of the public cannot invoke the public building exception unless the accident site was open to members of the public. I reach this conclusion, not because it necessarily conforms with my own views about the proper contours of governmental immunity, but because I believe that it most closely conforms with the language of the public building exception.
The Court, in Kerbersky, concluded that, when determining whether a building is a public building for purposes of the public building exception, the situs of the injury is irrelevant. However, Kerbersky did not conclude that the situs of the injmy is irrelevant for all purposes. I would concur with Kerbersky, in that, when determining whether a building is a public building, the proper inquiry is into the public nature of the building itself, not merely the specific accident site. Thus, in deciding that a jail is a public building, I examined the jail itself, not merely the shower area in which plaintiff was injured. However, the situs of an injury is relevant when determining whether the government is liable for failing to “take action reasonably necessary to protect the public.” In Kerbersky, the Court concluded that the government is liable to a member of the public who is injured as the result of a dangerous or defective condition of a *450 public building, regardless of whether that person was injured in an area of the building open to the public. Therefore, the situs of an injury is irrelevant when determining the government’s liability to a member of the public. However, Kerbersky did not make the distinction between members of the public and persons who are not members of the public. I now make this distinction, which is, in my judgment, mandated by the statute. The government is liable for injuries to members of the public, regardless of where they are injured in the building, because the government is liable for injuries caused by failing to take remedial action “reasonably necessary to protect the public.” But, the government is liable to persons who are not members of the public only if they are injured in an area of the building open to the public because the government is only hable for injuries caused by failing to take remedial action when such action was “reasonably necessary to protect the public.” Therefore, I would conclude that, even though a jail is a public building, the public building exception does not apply to an inmate injured in an area of that jail not open to the public.[6]
*451 In the present case, members of the public did not have access to the shower area, which is where plaintiff was injured. Because plaintiff was not a member of the public and was injured in an area of the jail that was not open to the public, defendant should not be held liable under the public building exception for failing to keep the shower area free of defective or dangerous conditions.
n. conclusion
The government is generally immune from tort liability. However, there are several statutory exceptions that apply to this broad grant of immunity, one being the public building exception. I agree with the plurality opinion that a jail is a public building “open for use by members of the public.” I also agree that plaintiff is not a member of the public. However, in my judgment, that is not the end of the inquiry. The plurality views this statute as a “who” statute, meaning that it limits the government’s liability to certain people, i.e., members of the public. Therefore, the plurality concludes that because plaintiff is not a member of the public, he cannot recover under the public building exception. In my judgment, however, it is more consonant with the statutory language to view this statute as a “where” statute, meaning that it limits the government’s liability to certain places, i.e., public *452 buildings that are “open for use by members of the public.” Additionally, the government is only liable for injuries caused by failing to take remedial action “reasonably necessary to protect the public.” Therefore, because plaintiff is not a member of the public, it is necessary to determine whether plaintiff was injured in an area of the building that was open to members of the public. Because plaintiff is not a member of the public, and because he was injured in an area of the building that was not open to members of the public, defendant should not be held liable under the public building exception for failing to protect plaintiff from the alleged dangerous or defective condition. Accordingly, I concur in the plurality opinion’s reversal of the Court of Appeals decision and the reinstatement of the circuit court’s grant of summary disposition in favor of defendant.

 Plaintiff would still have to prove that the injury was caused by a dangerous or defective condition of the building and that the governmental agency had knowledge of the condition and failed to remedy the condition after a reasonable period.

 Because the government is liable for failing to “take action reasonably necessary to protect the public,” the government may be serendipitously liable for failing to protect a person who is not a member of the public, if that person is injured in an area of the building open to the public. This liability does not arise because of some duty owed to the person who is not a member of the public; rather, it arises from the duty owed to protect members of the public. The person who is not a member of the public is merely an incidental beneficiary of this duty owed to the public.

 Kerbersky held that the government is liable to members of the public for injuries caused by dangerous or defective conditions of public buildings, regardless of whether the accident site was open to members of the public. However, Kerbersky did not distinguish between members of the public and persons who are not members of the public. Thus, consis *444 tent with Kerbersky, I would continue to hold that the government may be liable to members of the public, regardless of whether the specific accident site was open to members of the public. However, I would now make the distinction mandated, in my judgement, by the statute, between members of the public and persons who are not members of the public. I would conclude that, even though the government may be liable to members of the public injured in an area of the building not open to members of the public, the government is not liable to persons who are not members of the public who are injured in an area of the building not open to members of the public.

 The government may still be liable to persons who are not members of the public, such as jail inmates, if they are injured in an area of a public building open to the public, as discussed above.

 The dissent criticizes the plurality opinion’s overruling of Green. Post at 454. The dissent asserts that, “despite the plurality’s misguided belief that we can ignore precedent whenever this Court’s reading of a statute would lead to a different result than that of a prior Court, I continue to find value in respecting precedent.” Id. In my judgment, the plurality opinion did not ignore precedent; rather, it accurately explained why it was necessary to overrule Green in order to enforce the plain meaning of the statutory language. Although I, like the dissent, find considerable value in respecting precedent, I also find value in enforcing the plain meaning of statutory language. See Nawrocki v Macomb Co Rd Comm, 463 Mich 143, 151; 615 NW2d 702 (2000) (holding that “we are duty-bound to overrule past decisions that depart from . . . the plain language of the statutory clause . . .”). I agree with the plurality opinion that this Court should not “elevate an isolated, conclusory assertion in Green above the plain language of the public building exception.” Ante at 439-440, n 8. Further, to place the Green decision in context, I note that Green was decided during a period in which this Court gave the term “governmental function” a narrow reading, while giving broad readings of the statutory exceptions to governmental immunity. In contrast with that prior era, we now interpret the term “governmental function” broadly and construe the exceptions narrowly. Ross v Consumers Power Co (On Rehearing), 420 Mich 567; 363 NW2d 641 (1984). Moreover, in Green, the Court focused its analysis on whether the building was a public building, i.e., “open for use by members of the public.” The Court never discussed whether action was “necessary to protect the public.” Green held, in the context of whether a jail is a public building, that an inmate is a member of the public, whereas I *448 would now hold in the context of whether action is “necessary to protect the public” from a defective or dangerous condition of a public building, that an inmate is not a member of the public.

 The plurality opinion asserts that the statute does not support my position that the public building exception is applicable to people who are not members of the public who are injured in an area of a “public building” that is open to the public. Ante at 439, n 5. I respectfully disagree. The statute provides that governmental agencies are liable for injuries caused by its failure to “take action reasonably necessary to protect the public against the condition.” Clearly, this means that governmental agencies are liable for injuries caused by its failure to repair and maintain areas of “public buildings” that are open to the public because, in that case, action would be “reasonably necessary to protect the public.” What the statute does not support, in my judgment, is the plurality’s holding that governmental agencies are never liable for injuries sustained by people who are not members of the public.
*451 The plurality opinion also asserts that “Kerbersky, supra, held that the situs of an iryury in a public building is not relevant.” Ante at 439, n 6. However, as I have already noted, Kerbersky only held that the situs of an injury in a public building is irrelevant when determining a governmental agency’s liability to a member of the public. It did not hold that the situs of an injury is irrelevant when determining a governmental agency’s liability to a person who is not a member of the public. This is the distinction I now make, which, in my judgment, is mandated by the statute.